

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

*overrules O-6052*

**WILL WILSON**
**ATTORNEY GENERAL**          March 9, 1959

.Honorable Jack Ross, Chairman          Opinion No. WW 567
Board of Pardons and Paroles.
Capitol Building                        Re: Restoration of the
Austin, Texas                               license of a person to
                                            drive a motor vehicle
                                            upon the public roads,
                                            highways, and streets
                                            of the State of Texas
                                            after final conviction
                                            for a penal offense
                                            which carries an auto-
                                            matic suspension of
Dear Mr. Ross:                              such license.

    From your letter of June 10, 1958, requesting an offic-
ial opinion of this office concerning the above subject, we
quote:

> 'In view of the 1936 amendment to Article 4, Section
> 11 of the Texas Constitution, opinions of former Attor-
> ney Generals  and the recent decision of the Court of
> Criminal Appeals in Cause No. 29,506 entitled Chester
> Lee Davison, Appelant vs. The State of Texas, Appellee,
> 313 S. W. 2d 883, this Board respectfully requests your
> opinion on the following:
>
> > "Does the Board of Pardons and Paroles have the
> > power to recommend and the Governor to grant the
> > restoration of a license to drive a motor vehicle
> > upon the public roads, highways and streets of the
> > State of Texas after final conviction of a penal
> > offense which, under the laws of the State of Tex-
> > as, carries an automatic suspension of such lic-
> > ense?' "

    Article 4, Section 11, as amended November 3, 1936,
of the Constitution of the State of Texas, creates the Board
of Pardons and Paroles and sets forth its duties and pro-
vides in part as follows:

"In all criminal cases, except treason and impeach-
ment, the Governor shall have the power, after con-
viction, on the written, signed recommendation and
advice of the Board of Pardons and Paroles, or of a
majority thereof, to grant reprieves and commutations
of punishment· and pardons; and under· such rules as the
legislature may prescribe, and upon the written rec-
ommendation and advice of the majority of the Board
of Pardons and Paroles he shall have the power to
remit fines and forfeitures. . ."

In an oral discussion with you, you advised that the
"Opinions of Former Attorney Generals" to which you refer in
your opinion request consist of Attorney General Opinion No.
0-6052.

Attorney General Opinion No. 0-6052 (1944) held that
under the Constitution and laws of Texas the Governor, upon
the favorable recommendation of the Board of Pardons and
Paroles, has the power to restore the right to operate a
motor vehicle upon the public highways to a person who has
been convicted of driving while intoxicated and who has served
his jail sentence or paid his fine, or both, after final con-
viction. Such opinion held that the automatic suspenstion of
a driver's license of one convicted for the offense of "driv-
ing a motor vehicle while under the influence of intoxicating
liquor" is contemporaneous with the conviction under the Penal
Statute (Article 802, Vernon's Penal Code) and is an inexor-
able part and parcel of the penalty imposed. This opinion
stated that such suspension of the driver's license was a
"forfeiture" by way of punishment after conviction in a crim-
inal case, i.e., driving a motor vehicle while under the in-
fluence of intoxicating liquor, and as a consequence, is an
incident of the punishment described by Article 802 of the
Texas Penal Code.

One who has been convicted of the penal offense of driv-
ing while intoxicated, as set forth in Article 802 of the
Texas Penal Code, suffers the automatic suspension of his
driver's license under the provisions of Section 24, Article
6687b, Vernon's Civil Statutes. The pertinent language with-
in Section 24 of Article 6687b, Vernon's Civil Statutes, with
which we are here concerned, provides as follows:

"a. The license of any person shall be automatically
suspended upon final conviction of any of the
following offenses:

2. . . . . driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug.

. . .

"b. The suspension above provided for shall in the first instance be for a period of six months. In the event any license shall be suspended under the provision of this section for a second time, said suspension shall be for a period of one year."

In the case of Chester Lee Davidson v. The State of Texas, supra, by the Court of Criminal Appeals, said court speaking through the Honorable W. A. Morrison, Presiding Judge, stated that "the right to drive is a 'privilege' and not a right," and in support of same cited the cases of Gillaspie v. Department of Public Safety, 259 S. W. 2d 177; Tatum v. Department of Public Safety, 241 S. W. 2d 167, and numerous other cases. Likewise, in said opinion Presiding Judge Morrison further stated that the suspension of a driver's license is not a part of the punishment prescribed by the legislature but was an ancillary result of the conviction.

We have made a thorough search of those cases in which a driver's license has been "suspended" in accordance with Section 24 of Article 6687b, Vernon's Civil Statutes, and we can find no case in which the courts have referred to such "suspension" as a "forfeiture." Indeed, the courts of Texas have uniformly adhered to the wording of the statute itself and used the verb "suspend" when invoking the provisions of Section 24 of Article 6687b, Vernon's Civil Statutes. To "suspend" merely means a temporary stop for a time. In re Trans-Tex Oil Corp., 85 Fed. Supp. 299, 300 (N. D., Tex.) a "forfeiture" occurs where a person loses some right, property, privilege or benefit in consequence of having done or omitted to do a certain act. State v. Compton, 142 Tex. 494; 179 S. W. 2d 501, (Sup. Ct. of Tex., 1944.) "To suspend" is to end or terminate, though ordinarily temporarily or subject to reinstatement, while "to forfeit" is in effect to end or terminate, ordinarily permanently. James v. Metropolitan Life. Ins. Co., 73 N. E. (2d) 140. (Emphasis our's)

Accordingly, we are unable to adhere to Attorney General's Opinion No. 0-6052 which holds that the suspension of a license of one convicted under Article 802, Vernon's Penal Code, is a "forfeiture" and hereby overrule said opinion.

Inasmuch as the Court of Criminal Appeals in the Davidson case saw fit to declare that the suspension of a driver's license as provided for in Section 24 of Article 6687b was not a part of the punishment imposed by Article 802 of the Texas Penal Code and a "suspension" is not referred to in Article 4, Section 11 of the Constitution of Texas, supra, you are advised that the Board of Pardons and Paroles does not have the power to recommend, and the governor does not have the power to grant restoration of a license to drive a motor vehicle upon the public roads, highways and streets of the State of Texas after final conviction of the penal offense which under the laws of the State of Texas carries an automatic suspension of such license.

## SUMMARY

The Board of Pardons and Paroles does not have the power to recommend, and the governor does not have the power to grant restoration of a license to drive a motor vehicle upon the public roads, highways and streets of the State of Texas after final conviction of a penal offense which under the laws of the State of Texas carries an automatic suspension of such license.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marvin R. Thomas, Jr.
Assistant Attorney General

MRT,JR:fd

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman

Jack Goodman
William E. Allen
C. Dean Davis

REVIEWED FOR THE ATTORNEY GENERAL

BY: W. V. Geppert